**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK J. WILSON,

      Plaintiff-Counter-
      Defendant-Appellant,

v.

JOHN BRENNAN; MICHELLE
GEELS; TOUR OF THE GILA INC.;
DOYNE WREALLI; ROB
NARVAEZ,

      Defendants-Counter-
      Plaintiffs-Appellees.

No. 09-2225
(D.C. No. 2:07-CV-00457-WPL-LAM)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

---

Mark J. Wilson, proceeding pro se here as in the district court, appeals

from the district court's[1] judgment that his selection of roadways and design of

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     The case was tried before a magistrate judge by consent of the parties. *See* 28 U.S.C. § 636(c).

bicycle racecourses did not qualify for copyright protection. *Wilson v. Brennan*, 666 F. Supp. 2d 1242, 1252 (D.N.M. 2009) (*Wilson I*). Exercising jurisdiction under 28 U.S.C. § 1291, and liberally construing Mr. Wilson's briefs, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we affirm.

*Background*

We provide a brief description of the facts necessary to our analysis of the issues presented on appeal.[2] Mr. Wilson filed this action claiming defendants had infringed on his copyrighted materials produced for the Tour of the Gila, an annual multi-day bicycle race held in Grant County, New Mexico, which is sanctioned by the United States Cycling Federation and which draws 400 to 500 racers each year. Mr. Wilson served as race director for the first race held in 1987 and for several subsequent years. He and others created a Tour of the Gila Race Bible and Course Itineraries & Time Schedules, which were updated and modified for each annual event. The Race Bible, which was handed out to racers and race officials, was a compilation of materials including descriptions of the races, rules, prizes, maps, race profiles (reflecting the changes in elevation over the racecourses), and other race information. The Course Itineraries & Time

---

[2] The district court fully explained the underlying factual background. *Wilson I*, 666 F. Supp. 2d at 1247-50. We commend the district court for its thorough explanation of the factual setting and its meticulous resolution of the parties' claims.

Schedules provided information about when the racers would reach various landmarks for use by volunteers assisting with the race.

Mr. Wilson asserted that defendants had infringed on his copyrights to the name of the race; the selection and design of the racecourses; the text, factual compilations, and graphics that he created for the 2002 Race Bible; the 2000 Course Itineraries & Time Schedules; and the page headers created for the 2002 event. Defendants challenged Mr. Wilson's copyrights and denied any copyright infringement. They also filed various counterclaims.

After a three-day bench trial, the district court held that the name of the race, the page headers, and the racecourse selection and design did not qualify for copyright protection. The court further held that the following materials were copyrighted by Mr. Wilson: specified text and compilations of facts in the 2002 Race Bible, the 2000 Course Itineraries & Time Schedules, and fourteen racecourse maps and eight racecourse profiles. The court then found that defendants had infringed on Mr. Wilson's copyright in the 2002 Race Bible, the factual compilations, and the maps, but not the profiles. The court denied defendants' counterclaims, denied Mr. Wilson's request for statutory damages pursuant to 17 U.S.C. § 504(c)(2), denied both parties' requests for attorney fees and costs, denied a permanent injunction for the factual compilations, and granted Mr. Wilson a permanent injunction "precluding [defendants] from using his text and maps in the future," *Wilson I*, 666 F. Supp. 2d at 1267. Mr. Wilson now

appeals the district court's ruling that the racecourse selection and design are not entitled to copyright protection.

*Discussion*

"In an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo." *Roberts v. Printup*, 595 F.3d 1181, 1186 (10th Cir. 2010) (quotation omitted).

The sole issue on appeal is whether the district court erred in denying Mr. Wilson a copyright in the selection and design of the racecourses. The court held that Mr. Wilson did not have a copyright for factual and legal reasons. First, the court resolved the conflicting evidence and found that "the selection of the race courses [was] made by the group that initially organized and produced the race." *Wilson I*, 666 F. Supp. 2d at 1252. The court also held, as a matter of law, that Mr. Wilson could not claim a copyright in the course selection and design. *Id.* Mr. Wilson contends that he designed several racecourses after the original race committee disbanded, so they are his own creation and not that of the group. In addition, he argues that his racecourse designs required creative judgment that qualifies for copyright protection.

We affirm the district court's holding that the racecourse selection and design do not qualify for copyright protection, as a matter of law. Therefore, we need not address Mr. Wilson's challenge to the court's factual grounds. The district court held correctly that copyright does not protect ideas, but protects

"only the particular expression of ideas." *Id.* at 1252. Indeed, the Copyright Act specifies that an idea cannot be copyrighted. 17 U.S.C. § 102(b). "What copyright protects is the language that an author uses to explain, describe, or express whatever ideas or useful arts [he] may have discovered or created, along with the artistic way in which an author draws or illustrates those ideas or useful arts." *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1144 (10th Cir. 2009) (quotation and alterations omitted). "[C]opyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349-50 (1991).

After selecting the racecourses, Mr. Wilson explained, described, and expressed them in writings in the form of maps and profiles. The district court held that the maps and profiles qualified for copyright protection, *Wilson I*, 666 F. Supp. 2d at 1257, rulings none of the parties challenge on appeal. But Mr. Wilson also seeks to copyright the idea of the racecourses. "[N]o author may copyright facts or ideas." *Harper & Row Publishers, Inc. v. Nation Ents.*, 471 U.S. 539, 547 (1985). Accordingly, we affirm the district court's judgment on this issue.

*Conclusion*

Defendants' request for costs and attorney fees on appeal is DENIED.  The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge